UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| JEFF OYEN and RANDY JOHANSON, | ) | CIV. 07-4112 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LAND O'LAKES INC.; CROPLAN | ) | |
| GENETICS; FORAGE GENETICS, INC., | ) | ORDER GRANTING |
| | ) | PLAINTIFFS' MOTION FOR |
| Defendants and | ) | ATTORNEY'S FEES |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ABI ALFALFA INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| HOEGEMEYER HYBRIDS, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## INTRODUCTION

On February 10, 2009, the court entered an order granting in part and denying in part plaintiffs Jeff Oyen and Randy Johansen's motion to compel defendant Land O'Lakes, Inc.'s responses to previously-served discovery requests. [Docket 57]. As part of the resolution of that motion to compel, the court ordered plaintiffs to file a petition for attorneys fees together with a brief addressing whether the position taken by Land O'Lakes with regard to this

discovery dispute was "substantially justified." Plaintiffs have now done so, and Land O'Lakes has filed an objection to plaintiffs' request for attorney's fees and costs.

**FACTS**

This action arises out of plaintiffs' purchase of alfalfa seed from defendants that plaintiffs claim did not live up to the warranties and advertising that defendants made about the seed. Plaintiffs' complaint includes claims of: (1) breach of warranty (two counts), (2) fraud/deceit, (3) negligence, (4) a Lanham Act violation, and (5) falsely advertising that their product contained patented genetics.

On February 12, 2008, plaintiffs served Land O'Lakes with the discovery requests that were the subject of plaintiffs' motion to compel. Land O'Lakes objected that the requests called for proprietary information. Thereafter, the parties stipulated to the entry of a protective order. After the entry of the protective order, discovery disputes remained and plaintiffs ultimately filed a motion to compel the responses from Land O'Lakes to eight identified discovery requests.

Many of the eight requests at issue included requests for information from Land O'Lakes about two varieties of alfalfa seed that plaintiffs never purchased from Land O'Lakes, but which Land O'Lakes had advertised

similarly to the varieties of seed that plaintiffs did purchase.[1]  Ultimately, the court denied plaintiffs' request for information about these two varieties that plaintiffs never purchased because plaintiffs had not adequately set forth in their motion what the nexus between the purchased seed and the never-purchased seed was.  However, the court denied plaintiffs' request without prejudice to plaintiffs' right to refile a motion on this subject and more adequately address the issues pointed out by the court.  Thus, the court concluded ***not*** that plaintiffs could never make a showing that would entitle them to the discovery, but only that plaintiffs had not yet done so in the present motion.

As to the portions of the eight discovery requests that involved the varieties of seed actually purchased by plaintiffs, Land O'Lakes's discovery responses consisted of ignoring entirely most parts of those requests.  Even in its brief to the court, Land O'Lakes merely asserted that it had answered the discovery requests without acknowledging the missing information or addressing why the missing information was not provided.  Also, despite the entry of a protective order in this case, Land O'Lakes interposed a confidentiality objection to three of the discovery requests, without ever providing an explanation to plaintiffs or to the court as to why the existing

---

[1]The varieties that plaintiffs never purchased were 404LH and 405T varieties.  The seed actually purchased by plaintiffs were 407TQ and 403T varieties.

3

protective order did not already provide sufficient protection for the disclosure of the requested information.

Pursuant to Fed. R. Civ. P. 37(a)(5) and the court's request, plaintiffs submitted a request for attorney's fees and costs in the amount of $1,394.97.[2] Land O'Lakes objects to that request.

## DISCUSSION

### A. Whether Land O'Lakes' Position was "Substantially Justified"

Rule 37(a)(5) of the Federal Rules of Civil Procedure states that if the court grants a motion to compel, or if the requested discovery is provided after a motion to compel has been filed, "the court ***must***, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." See Fed. R. Civ. P. 37(a)(5) (emphasis supplied). The award of expenses is mandatory unless the court finds that the moving party failed to confer in good faith with the responding party prior to filing the motion, the responding party's refusal to respond was substantially justified, or other circumstances make an award of expenses unjust. Id.

Land O'Lakes does not dispute that plaintiffs conferred with it in good faith prior to filing their motion to compel. Also, Land O'Lakes does not argue

---

[2]The attorney's fee portion of the request is $1,267.50 and the costs are $51.42.

that any other circumstances make an award of attorney's fees against it unjust. Thus, the court need only determine whether Land O'Lakes' position in resisting the discovery sought by plaintiffs was "substantially justified."

In a case involving the Equal Access to Justice Act, the Supreme Court discussed the term "substantially justified" and stated that lower courts had defined the term in the context of Rule 37 as meaning that a position is substantially justified "if there is a 'genuine dispute' . . . or 'if reasonable people could differ as to [the appropriateness of the contested action]. . .' " Pierce v. Underwood, 487 U.S. 552, 565 (1988).

This is in accord with other courts who have addressed the issue of substantial justification under Rule 37. See Doe v. Lexington-Fayette Urban County Government, 407 F.3d 755, 765 (6th 2005) (stating that, "[a] motion is 'substantially justified' if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.' "); Jochims v. Isuzu Motors, Ltd., 144 F.R.D. 350, 355 (S.D. Ia. 1992) (stating that "[w]hether opposition to a motion to compel is substantially justified" depends on " 'the quality of the justification and the genuineness of the dispute; where an impartial observer would agree that a party has good reason to withhold discovery,' opposition is substantially justified.") (quoting Alvarez v. Wallace, 107 F.R.D. 658, 662 (W.D. Tex. 1985));

8A Charles A. Wright, Arthur A. Miller, & Richard L. Marcus, Fed. Practice & Procedure § 2288 at 665-666 (2d ed. 1994).

The Sixth Circuit has articulated a four-part test in determining whether an award of attorney's fees for a discovery dispute constitutes an abuse of discretion:

1. whether the failure to cooperate in discovery is due to willfulness, bad faith, or fault;

2. whether the adversary suffered any prejudice as a result of the party's failure to cooperate in discovery;

3. whether the party was warned that failure to cooperate could lead to sanctions; and

4. if the sanction is dismissal, whether there were less drastic sanctions that were first imposed or considered.

Doe, 407 F.3d at 766. This four-factor test is similar to the test employed by district courts in the Eighth Circuit. See Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co., 142 F.R.D. 677, 678 (S.D. Ia. 1992) (stating that the court considers the quality of the justification, the genuineness of the dispute, and whether an impartial observer would agree that a party had a good reason to withhold discovery).

In Alden v. Mid-Mesabi Associates Ltd. Partnership, 2008 WL 2828892, *4 (D. Minn. July 21, 2008), the plaintiff repeatedly refused to provide discovery based on conclusory and unsubstantiated assertions of privilege. After losing a motion to compel before the magistrate judge, attorneys fees and

costs were assessed. Id. The district court affirmed the magistrate judge's order, finding that the plaintiff's position in resisting discovery was not "substantially justified" because plaintiff had never complied with the requirements for asserting privilege as outlined in Fed. R. Civ. P. 26(b)(5)(A)(ii). Id.

At the other end of the spectrum, where there was an absence of judicial opinions on the issue presented in the motion to compel, a party's position has been found to be substantially justified. Henkel v. XIM Products, Inc., 133 F.R.D. 556, 558 (D. Minn. 1991).

Here, the court finds that there was plenty of law on the issue of the discovery of information relative to the varieties of seed never purchased by plaintiffs. Some of that law favored plaintiffs and some favored Land O'Lakes. The court is not convinced that plaintiffs cannot make a showing necessary to justify discovery of that information, but it is equally clear that the plaintiffs did not make the necessary showing in their motion. This is the essence of "substantial justification"–reasonable minds could differ as to whether Land O'Lakes was justified in resisting the discovery sought as to the never-purchased varieties.

However, the eight discovery requests featured in plaintiffs' motion to compel encompassed requests for information and documents far exceeding information concerning the never-purchased varieties of seed. As to these

other categories of information requested by plaintiffs of Land O'Lakes, the court finds that Land O'Lakes' position was not substantially justified. In fact, the court finds that the position taken by Land O'Lakes as to these other categories of information approaches bad faith.

Land O'Lakes had three opportunities to provide the information: (1) initially upon service of plaintiffs' requests, (2) after the stipulated protective order was entered, and (3) after plaintiffs attempted in good faith to resolve the matter prior to filing the motion. Land O'Lakes could even have provided the information after plaintiffs filed their motion, although that would not have saved them from sanctions. See Fed. R. Civ. P. 37(a)(5).

As discussed above, Land O'Lakes interposed confidentiality objections to three of the discovery requests despite the entry of a stipulated protective order. The protective order was negotiated by the parties *after* plaintiffs served their discovery requests on Land O'Lakes, so the court presumes that Land O'Lakes included provisions in the protective order sufficient to satisfy its concerns as to confidentiality as to the pending discovery requests. Moreover, Land O'Lakes never explained in its brief to this court on the motion to compel why that protective order was insufficient to protect Land O'Lakes's confidentiality concerns as to these three discovery requests.

The court notes that the discovery problems in this case have not been one-sided. Land O'Lakes previously had to file a motion to compel discovery

responses from plaintiffs that plaintiffs had failed to timely respond to. However, mutual combativeness or bad faith in discovery does not justify continuing such conduct. Benedict v. Zimmer, Inc., 232 F.R.D. 305, 316 (N.D. Ia. 2005). Furthermore, when this court granted Land O'Lakes' motion to compel, it was granted on the basis of plaintiffs' frank admission that the motion should be granted. The court also granted Land O'Lakes attorneys fees and costs associated with that motion. Accordingly, the court finds that plaintiffs is entitled to an award of attorneys fees and costs on their motion to compel as to that portion of work concerning areas other than the never-purchased varieties of seed.

**B.   Lodestar Method of Determining Reasonable Award of Attorney's Fees**

In determining a reasonable award of attorney's fees under Fed. R. Civ. P. 37, the court begins by figuring the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates. Finley v. Hartford Life & Accident Ins. Co., 249 F.R.D. 329, 332-333 (N.D. Cal. Feb. 22, 2008); Tequila Centinela, S.A. de C.V. v. Bacardi & Co., Ltd., 248 F.R.D. 64, 68 (D.D.C. 2008); Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002); Kayhill v. Unified Gov't. of Wyandotte County, 197 F.R.D. 454, 459 (D.Kan. 2000); and Trbovich v. Ritz-Carlton Hotel Co., 166 F.R.D. 30, 32 (E.D. Mo. 1996). The burden is on the moving party to prove that the request for

attorneys' fees is reasonable. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68; Creative Resources Group, Inc., 212 F.R.D. at 103; Kayhill, 197 F.R.D. at 459.

The reasonable hourly rate is usually the ordinary rate for similar work in the community where the case is being litigated. Tequila Centinela, S.A. de C.V., 248 F.R.D. at 68 (citing Laffy v. Northwest Airlines, Inc., 746 F.2d 4, 16 (D.C. Cir. 1984) (hourly rate must be sufficient to attract competent counsel, but not so excessive as to produce a windfall, and generally must be in line with rates charged by other attorneys of comparable skill, reputation, and ability within the community.) Here, plaintiffs' counsel has submitted a request for attorney's fees based on an hourly rate of $150.00 per hour. This is well below the ordinary rate for similar work in the community where the case is being litigated.

The court may determine reasonable hourly rates in the community where the lawsuit is pending based on its own knowledge of prevailing rates here. See Creative Resources Group, Inc., 212 F.R.D. at 103-104 (holding that "it is within the judge's discretion to determine reasonable fees based on his or her knowledge of prevailing community rates"). Experienced, partner-level trial counsel in this community have received awards of attorneys fees ranging from $200.00 per hour to $225.00 per hour in lawsuits requiring highly specialized knowledge. See Cottier v. City of Martin, Civ. No. 02-5021, Docket No. 469,

page 6 (March 25, 2008); Bone Shirt v. Hazeltine, Civ. No. 01-3032, Docket No. 411, page 4 (June 22, 2006).

As noted above, Land O'Lakes previously received an award of attorney's fees on its own motion to compel against plaintiffs. The attorney's fees requested in that case were based on hourly rates of $145 and $125 per hour. Therefore, the court finds plaintiffs' counsel's rate of $150 per hour to be more than reasonable.

The court must also determine whether the number of hours spent by plaintiffs' counsel was reasonable. While 30 and 21 hours spent in researching and drafting a discovery motion has been held to be a disproportionate amount of time for the nature of the dispute, see Criterion 508 Solutions, Inc. v. Lockheed Martin Services, Inc., ___ F.R.D. ___, 2008 WL 5459715 (S.D. Ia. Dec. 23, 2008) and Foxley Cattle Co., 142 F.R.D. at 680, here the bill submitted by plaintiffs is for a mere 8.45 hours.

By contrast, the bill submitted by Land O'Lakes in support of its motion to compel requested, and Land O'Lakes obtained, an award for 10.9 hours[3] of attorney time. The issue in Land O'Lakes' motion to compel was extremely simple and straight-forward: it simply had not received responses of any kind to its discovery requests and moved for an order from the court directing

---

[3]The full 10.9 hours was awarded in large part because plaintiffs never objected to Land O'Lakes' petition for attorney's fees.

11

plaintiffs to make such responses.  The issues in plaintiffs' motion to compel were more complex.

However, the court also notes that, as to the discovery requests for information about the never-purchased varieties of seed, plaintiffs did not prevail on that portion of their discovery requests.  Accordingly, the court reduces the hours spent by plaintiffs' counsel by ten percent and awards 90 percent of the attorneys fees requested.

Finally, the plaintiffs also submitted an affidavit in support of their request for costs that totaled $51.42 for photocopies and postage.  Land O'Lakes does not take issue with plaintiffs' request for costs and this court finds those costs to be reasonable.

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that defendant Land O'Lakes shall pay to plaintiffs $1,140.75 as reasonable attorneys fees plus $68.45 in sales tax on those fees incurred by reason of Land O'Lakes' failure to respond to plaintiffs' discovery requests.  It is further

ORDERED that Land O'Lakes shall pay to plaintiffs $51.42 as reasonable costs incurred by plaintiffs in making their motion to compel.  The total amount due to plaintiffs from Land O'Lakes for attorney's fees, sales tax, and costs is $1,260.62.

**NOTICE OF RIGHT TO APPEAL**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have ten (10) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. <u>See</u> Fed. R. Crim. P. 58(g)(2). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require review by the district court.

Dated March 3, 2009.

BY THE COURT:

/s/ *Veronica L. Duffy*

VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE